## D. R. ANTHONY V. WILEY JONES *et al.*

WITNESS—*Impeachment by Former Letters of.*  The plaintiff brought his action for the purchase-price of a lot in a new town, conveyed by him to one of the defendants.  The defense was that it was conveyed in consideration of improvements made thereon.  The defendants, to sustain their theory, produced a witness who had been the agent of plaintiff in the disposal of the lots.  He testified in his direct examination that he had had correspondence with plaintiff concerning this matter; and further, that he first heard that the lot was sold for a money consideration in 1885, though he knew it was conveyed in 1882.  Two letters with *memoranda* attached, dated in 1882, were identified by witness in cross-examination, as being in his handwriting, directed to plaintiff, in which was a list of lots sold, to whom, and for what price, which contained this lot, and showed that it was sold to one of the defendants for $75, and not paid for.  They were offered in evidence to impeach witness, and excluded.  *Held*, Error.

*Error from Atchison District Court.*

THE opinion states the case.

*C. D. Walker*, for plaintiff in error.
*Jackson & Royse*, for defendants in error.

Opinion by HOLT, C.: The plaintiff in error brought his action in the district court of Atchison county to recover $75, claimed to be due him on the sale of lot three, block two, in the town of Huron, Atchison county.   The defendants in their answer denied that there was a sale, and averred that by a contract with the plaintiff he was to convey to them the lot in consideration of certain improvements to be made thereon, when they should be completed; and they averred the full performance of such contract, and the conveyance of said lot by plaintiff to them.   Trial by a jury at the February term, 1886; verdict and judgment for defendants.   The plaintiff brings the case here.

The plaintiff alleges error in giving an instruction, and excluding testimony.   The instruction complained of was obviously correct; in any event we are precluded from its ex-

34 — 39 KAS.

amination, as no exception was taken to it at the proper time. At the trial the plaintiff testified to a sale, and the defendant to a conveyance in consideration of the improvements placed upon the lot by defendants. The defendants, to support their theory, introduced as a witness James Billingslea, who had been the agent of plaintiff, to testify concerning the sale and transfer of the lots in the town of Huron. Upon cross-examination the plaintiff wished to introduce four letters written to him by Billingslea, for the purpose of impeaching his testimony. The court refused to admit two of them in evidence. The defendants claim that they were not admissible to impeach the witness, because no sufficient ground had been laid for their admission. In his examination-in-chief, Billingslea testified concerning his business transactions with plaintiff: "I had some correspondence about the lot previous to 1885; one letter at least, that I know of." He further testified that in 1882, he heard a conversation between plaintiff and Dr. Jones, one of the defendants, in which Jones was to receive a lot on which he was to put improvements, and that plaintiff said then, in the general conversation, that would be his way of improving the town, and that those who put up good improvements would receive one or two lots; and he further testified that in 1885 he learned that plaintiff had sued defendants for $75 for this lot, which he claimed was due on the lot, and that the deed should not have been given to Jones without the money, and that plaintiff claimed he had sold the lot to Jones for that money; then follows the question: "When did you first hear Col. Anthony say anything about having sold this lot to Dr. Jones? A. It was sometime in 1885." On cross-examination there were two letters from Billingslea to plaintiff read in evidence, one dated June 2d, and the other May 24th, and there were two offered in evidence and rejected. The two offered and rejected, with the *memoranda* attached, were admitted by Billingslea to be in his handwriting; the one of September 15, 1883, addressed to plaintiff, had a memorandum attached, containing a list of lots sold or contracted for. In the list was lot No. 3, block 2, sold to Wiley Jones, price $75;

also in letter of July 11, 1882, there was a memorandum attached which showed that lot 3, block 2, was sold to Wiley Jones, and not paid for; sold for $75. We believe these should have been admitted in evidence. The witness Billingslea was a very important one, and from the statements that he had made, the jury could well have believed that the claim of plaintiff was a matter that he thought of after the deed had been executed and the improvements made. We believe the proper grounds were laid for the introduction of the letters in evidence. The attention of the witness was called to them, and he recognized them and the *memoranda* attached, to be in his own handwriting. They were properly offered in evidence by plaintiff in rebuttal, at the proper time. (1 Greenl. Ev., § 463.) He had stated that the first time he knew that Anthony claimed that the lot was sold was in 1885, and he stated that the first time he heard there was to be any consideration for the lot was during the early months of 1885. His *memoranda* impeached that statement. (1 Greenl. Ev. § 462.) It certainly shows that the witness did have some idea before 1885 that Jones was to pay $75 for the lot. For this error in excluding evidence, we recommend that the judgment be reversed, and the cause remanded for new trial.

By the Court: It is so ordered.

All the Justices concurring.